IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RENEE JAMES, et al.,<br><br>    Plaintiffs<br><br>    v.<br><br>SOL MELIÁ V.C. PUERTO RICO<br>CORPORATION d/b/a GRAN MELIÁ<br>PUERTO RICO, et al.,<br><br>    Defendants | CIVIL NO. 08-1765 (JP) |

**OPINION AND ORDER**

    Before the Court is a motion to dismiss filed by Defendant Sol Meliá, S.A. ("Sol Meliá" or "Defendant") (**No. 61**). Also before the Court is Plaintiffs' opposition thereto (No. 62). Plaintiffs filed the instant lawsuit pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141-5142, to recover damages for an alleged sexual assault and battery that occurred on the premises of Defendant Gran Meliá Puerto Rico Hotel and Resort. Defendant Sol Meliá moves the Court to dismiss the complaint against it on the ground that the Court lacks jurisdiction. For the reasons stated herein, Defendant's motion is hereby **DENIED**.

**I.  FACTUAL ALLEGATIONS**

    On July 13, 2007, Plaintiffs Renee James ("Renee") and Todd James ("Todd") were vacationing at the Gran Meliá Puerto Rico Hotel and Resort (the "Hotel") in Río Grande, Puerto Rico. Plaintiffs are

CIVIL NO. 08-1765 (JP)           -2-

residents of Augusta, Georgia.  After spending the day on the beach and at the pool of the Hotel, Plaintiffs booked massages at the Hotel's YHI Spa (the "Hotel Spa") for approximately 5:30 p.m. Plaintiff Todd later cancelled his massage appointment because he was tired from his day on the beach, but Plaintiff Renee decided to keep her appointment at the Hotel Spa.

Defendant Ulysses Vargas Fernandez ("Vargas"), an employee of the Hotel, was the massage therapist assigned to Renee by the Hotel Spa.  During the massage, Renee fell asleep.  When she woke up, she found that she was being assaulted and sexually battered by Defendant Vargas, who allegedly had his head and hands between her legs and was licking and plunging his fingers into her vagina.  Defendant Vargas told Renee that she was very beautiful, that he was late for an appointment, and that he hoped she would come back.  At that moment, Vargas left abruptly.

When Plaintiff Todd came looking for his wife at the Hotel Spa, he found her to be in a distraught and devastated state.  Todd began arguing with a security guard for the Hotel, demanding that Defendant Vargas be brought before him.  Plaintiff Todd was allegedly very agitated by the situation.

Persons identifying themselves as security for the Hotel came to the scene.  Upon finding Plaintiff Todd in an agitated state, the Hotel security personnel wrestled Todd to the ground and handcuffed him.  Plaintiff Renee, allegedly in a state of shock, was brought to

CIVIL NO. 08-1765 (JP)            -3-

the area of the Hotel Spa where her husband was located and they were taken together by ambulance to a hospital.

The Puerto Rico Department of Justice charged Defendant Vargas with sexual assault on July 14, 2007. On the same date, the Puerto Rico Court of First Instance, Fajardo Division, found probable cause against Vargas, and the Department of Justice prosecuted him for the sexual assault upon Plaintiff Renee.

## II. **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the United States Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the

CIVIL NO. 08-1765 (JP)            -4-

plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

### III. ANALYSIS

Defendant Sol Meliá moves the Court to dismiss the complaint against it on jurisdictional grounds. Specifically, Defendant is a Spanish company, and it alleges that the Court cannot exercise personal jurisdiction over it pursuant to the terms of Puerto Rico's long-arm statute. The Court will now consider Defendant's argument.

Personal jurisdiction "implicates the power of a court over a defendant." Branch Metal Processing v. Boston Edison Co., 952 F. Supp. 893, 906 (D.R.I. 1996) (quoting Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 143 (1st Cir. 1995)). It is well-established that a plaintiff bears the burden of proving the facts necessary to sustain jurisdiction. Escude-Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 905 (1st Cir. 1980).

The question before the Court in the instant matter is whether the Court may exert specific personal jurisdiction over Defendant Sol Meliá. Puerto Rico's long-arm statute, contained in Rule 4.7(a) of the Puerto Rico Rules of Civil Procedure, allows personal jurisdiction over a nonresident defendant under two independent bases that are potentially applicable in this case, "(1) Such person or his agent carries out business transactions within Puerto Rico; or (2) Executes by himself or through his agent, tortious acts within Puerto Rico . . ." P.R. Laws Ann. tit. 32, App. III, R. 4.7; see

CIVIL NO. 08-1765 (JP)         -5-

Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 616 (1st Cir. 1988). A non-resident defendant must have sufficient contacts with the forum such that "fair play and substantial justice" are served by the Court's exercise of jurisdiction over said defendant. Alvarado-Morales, 843 F.2d at 613 (citing World-Wide Volkswagen Corporation v. Woodson, District Judge of Creek County, Oklahoma, 444 U.S. 286 (1980)). The United States Court of Appeals for the First Circuit has stated that if a defendant has "purposely availed himself of the privileges and protections of a state's laws, and he ought reasonably to foresee that his activities may have potential consequences in that state that would require him to defend an action there, he will be amenable to in personam jurisdiction." Escude-Cruz, 619 F.2d at 904 (citations omitted). In order words, the First Circuit divides the constitutional analysis into three categories: relatedness, purposeful availment, and reasonableness.[1] MAPFRE Puerto Rico v. Guadalupe-Delgado, 608 F. Supp. 2d 255, 259 (D.P.R. 2009) (citing Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 60 (1st Cir. 2002)).

A parent company may not be subject to the jurisdiction of a court simply because its wholly-owned subsidiary resides in the forum state. Alvarado-Morales, 843 F.2d at 613 (citing Manqual v. General

---

1. Since Puerto Rico's long-arm statute is coextensive with the limits allowed by the United States' Constitution, the discussion may be focused solely on the constitutional analysis regarding the due process clause. See MAPFRE Puerto Rico, 608 F. Supp. 2d at 259 (citations omitted).

CIVIL NO. 08-1765 (JP)          -6-

Battery Corporation, 710 F.2d 15, 20 (1st Cir. 1983)).  Rather, in Puerto Rico, a plaintiff must demonstrate that the non-resident defendant parent company consummated some act or transaction in the forum substantial enough to meet the due process requirements of "fair play and substantial justice" and, additionally, that the cause of action arises out of the act or transaction.  Escude-Cruz, 619 F.2d at 904-5 (citations omitted).  The United States Court of Appeals for the First Circuit stated:

> The presumption of separateness must be overcome by "strong and robust" evidence that the parent either controlled the subsidiary's business as a whole such that it can be said to have carried out business transactions in Puerto Rico, as provided in Rule 4.7(a)(1), or that it engaged in or controlled those activities which plaintiff alleges tortiously caused him injury, as provided in Rule 4.7(a)(2).

Alvarado-Morales, 843 F.2d at 616.

When a defendant moves the Court to dismiss the plaintiff's complaint for lack of personal jurisdiction, and there is no discovery hearing, a court will generally apply the *prima facie* standard, where the plaintiff must demonstrate every fact required to satisfy both the forum's long arm statute and the due process clause.  MAPFRE Puerto Rico, 608 F. Supp. 2d at 260 (citations omitted).  In applying the *prima facie* method, the Court must inquire "whether the plaintiff has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction."  Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26

CIVIL NO. 08-1765 (JP)          -7-

(1st Cir. 2008).  The Court must then consider the facts alleged by Plaintiff as true and construe disputed facts in the light most hospitable to the plaintiff. Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994).  If the allegations are not affirmatively supported, the Court need not "credit conclusory allegations or draw farfetched inferences." Id.

In the case at bar, Plaintiffs allege in their complaint that "Defendant Sol Meliá is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico which at all times material hereto owned, operated and/or controlled the Hotel . . ." (No. 1).  In the course of discovery, Plaintiffs learned that Defendant Sol Meliá is a Spanish corporation, and subsequently effected service under the Hague Convention. Although Plaintiffs do not make any further allegations specific to Defendant Sol Meliá in their complaint, they include Defendant Sol Meliá along with other Defendants in the category of the "Hotel Defendants," and proceed to state the merits of their complaint against all Hotel Defendants.

In support of its motion to dismiss, Defendant Sol Meliá attaches an unsworn statement under penalty of perjury from Antonio Sierra-Lledós ("Sierra"), legal counsel for Defendant Sol Meliá. Sierra states that his client does not operate the Hotel at issue in this lawsuit.  Rather, the Hotel is a separate subsidiary of Defendant Sol Meliá, the ultimate parent company, and there is no financial dependency of the subsidiary and the parent company , nor

CIVIL NO. 08-1765 (JP)          -8-

does the parent company interfere with the selection and assignment of the subsidiary's personnel, nor does it exercise absolute control over the subsidiary.

Further, Defendant claims that it: (1) is based in Spain, (2) has no office or place of business in Puerto Rico, (3) owns no property in Puerto Rico, (3) has no Puerto Rican bank account, telephone listing or mailing address, (4) does not sell goods or provide services in Puerto Rico, (5) is not registered with the State Department of Puerto Rico, and (6) has no agent to receive process in Puerto Rico.  Finally, Defendant Sol Meliá states that it does not transact any direct business in Puerto Rico nor did it participate in any tortious act against Plaintiffs in Puerto Rico.

Even considering the facts in the light most favorable to Plaintiffs, the Court is inclined to believe that Plaintiffs have failed to meet their *prima facie* burden of demonstrating that jurisdiction attaches to Defendant Sol Meliá.  Sol Meliá is not a Puerto Rican corporation, as alleged by Plaintiffs in the complaint. Moreover, Defendant Sol Meliá has proffered significant evidence demonstrating that it does not control the Hotel, nor does it own the land upon which the Hotel is situated.  However, given the early stage of the proceedings in this lawsuit, the Court finds that further discovery is necessary regarding the jurisdictional issues involving Defendant Sol Meliá.  The Court hereby **ORDERS** that **on or before September 9, 2009,** Plaintiffs **SHALL** file a supplementary brief

CIVIL NO. 08-1765 (JP)           -9-

that provides further factual detail regarding the involvement and control of Defendant Sol Meliá with the Hotel at issue in this lawsuit.  Said brief **SHALL** be supported by affidavits if necessary.

**IV. CONCLUSION**

In conclusion, the Court **DENIES** Defendant Sol Meliá's motion to dismiss.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of August, 2009.

                                    s/Jaime Pieras, Jr.
                                    JAIME PIERAS, JR.
                              U.S. SENIOR DISTRICT JUDGE